**McCRORY CORPORATION d/b/a Gulf Mills Stores, Appellant,**

v.

**Charles S. NACOL, Appellee.**

**No. 6938.**

Court of Civil Appeals of Texas.

Beaumont.

May 9, 1968.

Orgain, Bell & Tucker, Beaumont, for appellant.

Fuller, Fuller & McPherson, Port Arthur, Dixie & Schulman, Houston, Lamson & Plessala, Port Arthur, for appellee.

STEPHENSON, Justice.

This is an action for damages for personal injuries received by plaintiff when the front window of McCrory's store collapsed. Plaintiff brought suit against McCrory Corporation as the operator of a dry goods store. McCrory filed a third party complaint against Charles S. Nacol, its landlord, for indemnity or contribution. Nacol's motion for summary judgment was granted, without severing it from the main action. The main action against McCrory was heard before the court and judgment rendered for plaintiff. This appeal is from that portion of the judgment which granted the motion for summary judgment. The parties will be referred to herein as McCrory and Nacol.

McCrory's action against Nacol is based upon the breach of a duty imposed upon Nacol by the terms of a lease agreement between them. Such lease agreement contained the following provisions:

IMPROVEMENTS:

The Landlord agrees to make improvements to the demised premises according to the plans and specifications attached to this lease and initialed by Landlord and Tenant. These improvements shall provide the following items among others. A structural glass front, * * *

MAINTENANCE:

5. Tenant agrees to keep the interior of the demised premises in good condition and repair, excepting structural repairs and all repairs made necessary by reason of fire and other unavoidable casualties, and excepting reasonable wear and tear. The Landlord shall, at its cost and expense, maintain the exterior of the building, including the roof, gutters, downspouts, masonry walls, foundations and structural members of the building, of which the demised premises form a part, and make any and all structural repairs to both the exterior and interior of said premises. If any of the said parts of the demised premises shall at any time be, or fall into dis-repair, Landlord will repair same immediately upon receipt of written notice by Tenant to do so, except that the Landlord shall not be obligated to make or pay for any repairs to the demised premises rendered necessary by the fault or negligence of the Tenant, or any of its servants, employees, or agents, except in the case of damage by fire or the elements * *

If it shall be necessary to make repairs to a part of the demised premises which Landlord has agreed to keep in repair as aforesaid, in order to protect the Tenant's property in the demised premises from damage, or if the Landlord fails or neglects to make such repairs to the demised premises or needed repairs to the walls within a reasonable time after having been notified

in writing to do so, the Tenant shall have the right to make such repairs and to deduct from the rental installments then due or thereafter to become due such sums as may be necessary to reimburse the Tenant for the money expended or incurred by it in making such repairs * * *

McCrory's points of error, stated generally are: That the trial court erred in granting Nacol's motion for summary judgment because under the lease Nacol assumed the duty to construct and install a structural glass wall as a store front and to maintain and repair such glass wall. That Nacol failed to show that there was no possible fact issue, as the motion was not supported by affidavits, depositions or exhibits of any kind.

▪ We start with the general proposition that plaintiff was a customer in McCrory's store, and an invitee, and McCrory owed plaintiff a duty to use ordinary care to keep the premises in a reasonably safe condition so that she would not be injured.

▪ It is also now the general rule that a lessor is liable to his lessee's invitees for injuries resulting from a defective structure on the premises when the lessor is obligated to keep the portion of the premises which is defective in good repair. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d 1114. We have concluded that a reasonable interpretation of the lease in question indicates the parties to such lease intended to include the front window which caused the injury to plaintiff, as a structural member of the building to be repaired by the landlord.

▪ Nacol relies upon the doctrine set forth in Hamblen v. Mohr, Tex.Civ.App., 171 S.W.2d 168, to relieve him of liability. This law is stated as follows:

The general rule was that the tenant took the premises as they were. When the landlord covenanted to repair, an exception to the general rule was created, and he was thereby rendered liable.

But if the covenant to repair be limited to making such repairs as the tenant shall demand be made, and the right given the tenant to make the repairs, if the landlord declines to make them, and to pay for them at the expense of the landlord, then the duty of the tenant to repair is restored, except that he can deduct the cost of such repairs from his rent.

The terms of the lease in question clearly bring this case within the precise language of the Hamblen v. Mohr case, supra. If Nacol failed to make needed repairs to the premises within a reasonable time after having been notified in writing to do so, McCrory had the right to make such repairs and deduct the cost of such repairs from the rental installment due or to become due. Under the Hamblen v. Mohr case, supra, this language restored to the tenant, McCrory, the duty to repair. This being true, there could be no liability on the part of Nacol to McCrory for either indemnity or contribution.

Even though McCrory's points of error include a statement that Nacol assumed the duty to construct and install a structural glass wall as a store front and Nacol had failed to show there could be no fact issue as to whether such glass wall was properly constructed, there is nothing in the pleadings of either the plaintiff or McCrory alleging facts upon which such a finding could have been made. Plaintiff pled that the exact cause of breakage of the glass window was not known, but that it would not have broken in the absence of negligence on the part of McCrory in alleging res ipsa loquitur. Plaintiff also alleged specific acts of negligence on the part of McCrory in failing to inspect such glass window to determine whether it was defective or had been properly installed, and in permitting the window to partially slip, and failing to replace after becoming cracked. Further, there is no allegation in the third party complaint against Nacol that Nacol failed to properly install the glass window. The points are overruled.

Affirmed.